UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUDOLPH PERKINS**               **DOCKET NO. 11-CV-283**

**VERSUS**                        **JUDGE MINALDI**

**TERRY TERRELL, ET AL**          **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Plaintiff Rudolph Perkins filed *in forma pauperis* on February 14, 2011. Doc. 1. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. He complains of conditions of his confinement at ACC, particularly that he is not given a proper diet. Doc .1, p. 3. More specifically plaintiff claims that he has congestive heart failure and is not given a "renal diet." Doc. 1, p. 5.

Plaintiff names as defendants ACC Warden Terry Terrell, DOC Secretary James M. Leblanc, G.E.O. Group, Inc. (private operator of ACC) President Wayne H. Calabrese, ACC Food Service Manager Selten Manuel, ACC Dietician Ebonary Hall, and Angela Easom. Doc. 1, p. 3. As relief, plaintiff is seeking compensatory damages for his pain and suffering, and various injunctive relief including a transfer from ACC to a DOC facility that has a proper dietician and medical staff. He also asks that defendants Hall and Manuel be fired from ACC. Doc. 1, p. 4.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that he has congestive heart failure and complains that ACC does not comply with his dietary restrictions, namely a "renal" diet. Doc. 1, p. 5. More specifically, plaintiff states that in November 2010, he filed an ARP with Warden Terrell concerning defendant Hall's refusal to meet the needs of his medically restricted diet. Doc. 1, p. 3. The ARP was denied by defendant Manuel and later by DOC headquarters. *Id*. Plaintiff complains that his diet was changed three times in one month and none of the changes met his medical restrictions. *Id*. He states that he receives processed food, which is not in keeping with his diet. Doc. 1, p. 6.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist*., 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. Supervisory Liability

Plaintiff named DOC Secretary James M. Leblanc, Terry Terrell, and Wayne H. Calabrese as defendants but they were sued in their supervisory capacities. Doc. 1, p.3. However, those claims must be dismissed.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these individuals. Thus, plaintiff's claims against these defendants should be dismissed as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## III. 42 U.S.C. §1983 Against Remaining Defendants

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a

person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff has sufficiently detailed his claims and the court is convinced that further amendment of his complaint would serve no useful purpose. Thus, for the reasons stated hereinafter, plaintiff has failed to state a claim for which relief may be granted and his complaint should be dismissed with prejudice.

The Constitution mandates that inmates be provided " 'well-balanced meal[s], containing sufficient nutritional value to preserve health.' " *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir .1977)) (footnote omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir.1996) ( per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib v. Gilley*, 138 F.3d 211, 214, n. 3 (5th Cir.1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation ." *Id*.

Here, plaintiff does not allege that he was denied food or anything close to the "minimal measure of life's necessities ...". Rather he claims that he was not given a proper diet in consideration of his medical health; however, documentation filed by plaintiff shows otherwise. Doc. 1, p. 10-12.

The food service restricted medical diet form shows that the proper diet is on file. *Id*. Further, the response to the ARP states that the ACC kitchen has been providing plaintiff with the proper diet. Doc. 1, p. 9. Plaintiff has failed to show either that he was receiving constitutionally inadequate food or that the defendants were deliberately indifferent to his serious

medical needs in regard to his diet.

The plaintiff's disagreement with the diet that is being served to him does not establish deliberate indifference and thus cannot support a civil rights claim. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Plaintiff offered only a conclusory allegation that the prison diet was inappropriate and that is insufficient to state a claim for which relief might be granted.

## CONCLUSION

Therefore, IT IS RECOMMENDED that plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 4th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE